IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NICHOLAS BURNS, #A5003928, ) | CIV. NO. 19-00518 JAO-RT |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | FOR WRIT OF HABEAS CORPUS |
| vs. ) | AND DENYING A CERTIFICATE |
| ) | OF APPEALABILITY |
| STATE OF HAWAII CORP., ) | |
| PETER CABREROS, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Before the Court is pro se Petitioner Nicholas Burns' Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. ECF No. 1. Burns challenges his pending criminal prosecution in *State v. Burns*, Cr. No. 3CPC-19-0000468 (Haw. 3d Cir. Ct.).[1] Pet. at 1.[2] Burns alleges that his ongoing state criminal proceedings

---

[1] The Court takes judicial notice of *State v. Burns*, Cr. No. 3CPC-19-0000468, http://www.courts.hi.us (follow "eCourt Kokua") (last visited Oct. 7, 2019). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Burns is charged with Theft in the Second Degree under Haw. Rev. Stat. § 708-831(1)(b); Promoting a Detrimental Drug in the Third Degree under Haw. Rev. Stat. § 712-1249(1); Unauthorized Control of a Propelled Vehicle under Haw. Rev. Stat. § 708-836(1); and Habitual Property Crime under Haw. Rev. Stat. § 708-803.

[2] The Court's citations refer to the pagination assigned to filed documents by the Federal
(continued...)

violate his constitutional rights to freedom of speech, equal protection, and to a speedy trial. *See id.* at 4-6. He seeks removal of his criminal proceedings to this federal court.[3]

For the following reasons, Burns' Petition and this action are DISMISSED without prejudice as clearly unexhausted and pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Any request for a certificate of appealability is DENIED.

## I. BACKGROUND

State court records show that Burns was arrested on June 28, 2019 and arraigned in the Circuit Court of the Third Circuit, State of Hawaiʻi ("circuit court") on July 8, 2019. *See Burns*, Cr. No. 3CPC-19-0000468. The circuit court appointed James Biven, Esq., to represent Burns on July 15, 2019. On August 28, 2019, Biven filed several motions, including a motion to suppress evidence, a motion to sever Count 4, a motion to withdraw as counsel, and a request for transcript and other materials and information. *See id.* Burns approved and

---

[2](...continued)
Judiciary's electronic case management system (CM/ECF).

[3] Burns unsuccessfully attempted to remove *State v. Burns*, Cr. No. 3CPC-19-0000468, by filing *Burns v. State*, Civ. No. 19-00488 JAO-RT (D. Haw.), on September 9, 2019. The Court remanded the case to the circuit court on September 12, 2019. *See Burns*, Civ. No. 19-00488 JAO-RT, ECF No. 3.

sought Biven's motion to withdraw. *See* Pet. at 6 (stating that he "fired" Biven because he was ineffective and "use less [sic]"). The circuit court explained to Burns that if it allowed Biven to withdraw, it would appoint a new attorney who would likely seek a continuance of trial to become familiar with the case. *See Burns*, Cr. No. 3CPC-19-0000468. Burns asserted that he would not waive his right to a speedy trial. *Id.*

On September 3, 2019, the circuit court granted Biven's request to withdraw; Burns is now represented by William Turman Reece, Jr., Esq. Although Burns posted bond on September 25, 2019, he is awaiting trial. The court received and filed Burns' Petition on September 26, 2019.[4]

Burns asserts four grounds for relief. He first alleges that the Honorable Melvin H. Fujino, the presiding judge at his pre-trial proceedings, violated his right to freedom of speech by refusing to answer Burns' questions, telling Burns that he did not know what he was talking about, and allegedly having Burns

---

[4] Burns declares under penalty of perjury that the Petition was placed in the prison mailing system on September 9, 2019. Pet. at 14. Burns dates a different page as executed on September 15, 2019, however. *Id.* at 13.

3

removed from an August 26, 2019 hearing.[5]  Pet. at 5 (Ground One, "Freedom of Speech").

Next, Burns complains that Hawaii Community Correctional Center ("HCCC") Warden Peter Cabreros violated his right to due process on August 27, 2019, by instructing Burns to be more specific on an "Inmate Request Form," or file a properly conformed inmate grievance.  *See id.* at 9 (Ground Two, "Due Process Right"); *id.* at 10 (Inmate Request Form).

Burns next alleges that the State violated the Eighth and Fourteenth Amendments by imposing excessive bail and inflicting cruel and unusual punishment on him during his incarceration at HCCC before he posted bail.  *See id.* at 4 (Ground Three, "Violation of Equal Protection").  Burns asserts no specific statement of facts in support of these claims.

Finally, Burns alleges a violation of his right to a speedy trial, complaining that he had no assistance of counsel "despite requests" to the circuit court on August 28, 2019, when Burns told Biven to file a motion to withdraw and "fired" him.  *See id.* at 4; *id.* at 6 (Ground Four, "Violation of Speedy Trial Right").

---

[5] State court records do not show that a hearing was held in Cr. No. 3CPC-19-0000468 on August 26, 2019.  Burns may be confusing proceedings with his other pending criminal case, *State v. Burns*, Cr. No. 3CPC-19-0000511 (Haw. 3d. Cir. Ct.).

## II. SCREENING

Under Rule 4 of the Rules Governing Section 2254 Cases, the district court is required to perform a preliminary review of all habeas petitions. Rule 4 explicitly applies to all habeas petitions, including those brought under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.). The court is required to summarily dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

## III. DISCUSSION

Burns has not yet been tried, convicted, or sentenced, nor has he sought any appeal of the issues he raises in *State v. Burns*, Cr. No. 3CPC-19-0000468. Rather, he again seeks to derail his ongoing state criminal proceedings in favor of a trial in federal court. The Court has carefully explained to Burns that removal of his state criminal proceedings is improper under 28 U.S.C. §§ 1443 and 1455. *See Burns*, Civ. No. 19-00488 JAO-RT, ECF No. 3 (Order of Remand). Burns' new attempt to circumvent the Court's clear direction through this Petition is similarly unavailing.

## A. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). A petitioner's claims are considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although § 2241(c)(3) does not explicitly require exhaustion, the Ninth Circuit Court of Appeals has held that exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger*, 401 U.S. at 43-45.

Burns affirmatively states that he has not raised the issues presented in his Petition to any state court via appeal or by filing a state petition for collateral relief. *See* Pet. at 2. Rather, Burns states that he exhausted his judicial remedies

by raising his claims to the circuit court in various pre-trial hearings held before his recent release on bail.

A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted his available state court remedies. *See Lundy*, 455 U.S. at 515; 28 U.S.C. § 2254(b). It is clear from the face of the Petition that Burns has not exhausted any of his claims in the Hawai'i state courts. Further, nothing within the Petition, Burns' earlier attempt to remove his proceedings to this court, or the publicly available record indicates that there are special circumstances warranting federal intervention despite Burns' failure to exhaust his claims. Accordingly, the Petition is DISMISSED without prejudice as unexhausted.

**B.**     ***Younger* Abstention**

In *Younger v. Harris*, the Supreme Court held that a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention. 401 U.S. at 43-54; *see also Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies to damages actions). Under *Younger*, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant

monetary damages for constitutional violations arising from them. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

*Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). When *Younger* is satisfied, a federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist. *See Baffert*, 332 F.3d at 617.

*Younger*'s criteria are all present here. First, Burns is awaiting prosecution on state criminal charges, the criminal proceedings are clearly ongoing, and no final judgment has been issued or sentence imposed. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment." (citation omitted)).

Second, Hawaiʻi has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (explaining that the enforcement of state court

judgments and orders implicates important state interests); *California v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("[A state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty.").

Third, contrary to Burns' allegations, he is represented by counsel who is well able to raise Burns' allegations of constitutional violations in the criminal proceedings. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). There are no procedural bars preventing Burns from raising his claims in the state court.

Finally, to allow this case to proceed while a related state criminal case is pending, particularly where Burns' claims may be used as a defense to his charges (such as his speedy trial claims), would amount to interference in the state criminal case. This is precisely what *Younger* prohibits.

All elements requiring *Younger* abstention are present here. Nothing in the Petition, Burns' earlier attempt to remove his criminal prosecution to this court, or in the publicly available state court records indicates that Burns' state criminal prosecution is being conducted in bad faith or that any extraordinary

circumstances warranting intervention exist. Rather, Burns is represented by counsel, has been released on bond since, and contrary to his allegations, no speedy trial violation is evident.[6] The Court therefore abstains from interfering in Burns' ongoing state criminal proceedings until they are concluded.

## IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Burns has not made a substantial showing of the denial of a constitutional right, and the Court DECLINES to issue a certificate of appealability.

---

[6] Burns' allegations that he was subjected to cruel and unusual punishment and the denial of due process when HCCC Warden Peter Cabreros directed him to clarify an inmate request are patently frivolous. Even if these claims were amenable to amendment, they relate to the conditions of his confinement and are improperly brought in this habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017) (holding claims that will not necessarily lead to immediate or speedier release fall outside the "core of habeas corpus" and must be brought, if at all, in a civil rights action).

## V. CONCLUSION

(1) The Petition for Writ of Habeas Corpus is DISMISSED without prejudice as unexhausted and pursuant to the *Younger* abstention doctrine.

(2) All pending motions are DENIED.

(3) Any request for a certificate of appealability is DENIED.

(4) The Clerk of Court SHALL close the file and terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, October 17, 2019.



Jill A. Otake
United States District Judge

*Burns v. Hawaii, et al.*, No. 1:19 cv 00518 JAO RT; hab '19 (dsm Pet. unexh. Younger abst)